## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

ANDREW THOMPSON,
    Plaintiff,

-v-

BRANCH BANKING &
TRUST COMPANY,
    Defendant
_____/

## COMPLAINT

COMES NOW Plaintiff, ANDREW THOMPSON, and sues Defendant, BRANCH BANKING AND TRUST COMPANY (hereinafter, "BB&T"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like BB&T from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended

1

asked for the calls to stop. Even for unanswered calls, I had to waste time to unlock my phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of my cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed (without my express consent) by BB&T to my cell phone was an injury in the form of a nuisance and annoyance to me. For calls that were answered, I had to go to the unnecessary trouble of answering them. Even for unanswered calls, I had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls.

41. Each and every call placed without express consent by BB&T to my cell phone resulted in the injury of unnecessary expenditure of my cell phone's battery power.

42. Each and every call placed without express consent by BB&T to my cell phone where a voice message was left which occupied space in my phone and/or network.

43. Each and every call placed without express consent by BB&T to my cell phone resulted in the injury of a trespass to my chattel, namely my cellular phone and my cellular phone services.

44. As a result of the answered and unanswered calls described above, I suffered an invasion of privacy. I was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, I suffered the expenditure of my time, exhaustion of my cellular telephone battery, unavailability of my cellular telephone while ringing, waste of my time, causing the risk of personal injury due to distraction, and trespass upon my chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to

7

apparently collect an alleged debt from me through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

46. BB&T willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified BB&T that he wished for the calls to stop.

47. BB&T repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BB&T for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-eight (48) as if fully set forth herein.

49. Through information and belief, BB&T has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

8

50. At all times relevant to this action BB&T is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

51. Through information and belief, BB&T has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. Through information and belief, BB&T's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BB&T for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Andrew Thompson , January 11 2019
Andrew Thompson
2798 NW 20th Street
Fort Lauderdale, Florida 33311

9

+1 866-877-9385

Starred in Android

Dec 26 11:15 AM

Dec 22 2:15 PM

Dec 22 11:08 AM