UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60108-RUIZ/STRAUSS

**ANDREW THOMPSON,**

    Plaintiff,

v.

**BRANCH BANKING &
TRUST COMPANY,**

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND AND PERMITTING LIMITED SUPPLEMENTAL SUMMARY JUDGMENT BRIEFING ON AMENDED AFFIRMATIVE DEFENSE OF PRIOR EXPRESS CONSENT

THIS MATTER came before the Court upon Defendant's Unopposed Motion for Leave to Amend its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Motion") [DE 110]. The Motion is before the undersigned pursuant to the Order of Referral to Magistrate Judge [DE 88], which referred this case to the undersigned[1] for rulings on all pre-trial, non-dispositive matters and for the issuance of a Report and Recommendation on any dispositive matters. The undersigned has reviewed the Motion and the record in this case. Pursuant to the Motion, Defendant seeks leave to amend its affirmative defenses to add a defense of prior express consent. The undersigned held a summary judgment hearing in this case on April 23, 2020. At that hearing, Plaintiff stated he had no opposition to Defendant being granted leave solely to add the defense of prior express consent.

---

[1] This case was referred to Magistrate Judge Barry S. Seltzer (and his successor judge). The undersigned is Judge Seltzer's successor judge (*see* DE 101).

As a preliminary matter, before the Court can address whether leave to amend is proper under Federal Rule of Civil Procedure 15, the Court must address whether amendment is proper at this stage under Federal Rule of Civil Procedure 16, as the deadline to amend pleadings passed several months ago. *See Lamothe v. Bal Harbour 101 Condo. Ass'n, Inc.*, 316 F. App'x 844, 846 (11th Cir. 2008) ("If a motion for leave to amend is filed after the deadline set in a scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure, the motion is governed first by Rule 16(b)." (citing *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir.2007))). Under Rule 16, "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend" is warranted. *Smith*, 487 F.3d at 1366. The Court finds that good cause exists to grant the Motion considering the limited nature of the amendment (on an issue the parties have already addressed in their summary judgment briefs) and Plaintiff's non-opposition. However, the Court notes that the result may be different if the Motion were opposed or if the requested amendments were more extensive (without further justification being provided). Nonetheless, as the Court finds good cause, the Court will turn to Rule 15.

Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider several factors when ruling a motion for leave to amend including "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue

delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

The Court finds no bad faith or dilatory motive and notes that Defendant promptly filed the Motion following the April 23, 2020 hearing. In addition, Defendant has not exhibited any repeated failure to cure deficiencies. In fact, this is the first time Defendant has sought leave to amend its affirmative defenses in this case. Plaintiff, however, previously amended his Complaint on two occasions.

Moreover, the Court finds that allowing amendment will not result in any undue prejudice to Plaintiff. First, as Plaintiff stated at the April 23, 2020 hearing, he does not oppose Defendant's request for leave to amend. Second, this case was previously removed from the trial docket (*see* DE 97), and trial has not been rescheduled at this time. Third, Defendant is merely seeking leave to add a single affirmative defense. Although the pending summary judgment motions have been fully briefed, the briefing already addresses the subject of prior express consent, which is the topic of the affirmative defense that Defendant is seeking leave to add. Significantly, it is no surprise that consent is an important issue in this case, both because it is an express component of the relevant statute, 47 U.S.C. § 227, and because the parties have addressed it in their summary judgment briefing. As the parties have already briefed the issue of prior express consent, it is not as if the requested amendment is injecting a new issue into this case. Therefore, allowing the requested amendment is unlikely to result in any significant delay in this case. Furthermore, the Court will provide Plaintiff with an additional opportunity to address the new defense. *See infra* No. 3 (permitting Plaintiff to file a summary judgment supplement related to Defendant's new affirmative defense).

Additionally, amendment is not futile. That is because a defendant may defeat a claim under the Telephone Consumer Protection Act (TCPA) by "demonstrat[ing], by way of affirmative defense, that it placed [the] calls [at issue] with the prior express consent of the called party." *Jones v. Ocwen Loan Servicing, LLC*, No. 0:16-CV-62967-WPD, 2018 WL 2021291, at *2 (S.D. Fla. Jan. 29, 2018) (citation omitted). *See also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("[P]rior express consent is a complete defense to [a] TCPA claim." (citation omitted)).[2]

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Motion [DE 110] is **GRANTED**.

2. On or before **April 27, 2020**, Defendant shall separately file its Amended Answer and Affirmative Defenses in accordance with Local Rule 15.1.

3. Plaintiff may file a summary judgment supplement *limited to* the issue of Defendant's new affirmative defense (prior express consent) no later than **May 1, 2020**. If Plaintiff files such a supplement, it shall be no more than four (4) double-spaced pages.

4. If Plaintiff files the aforementioned supplement, Defendant may file a response of no more than four (4) double-spaced pages on or before **May 5, 2020.** If Defendant does not intend to file a response to any supplement Plaintiff files, Defendant shall file a simple notice, on or before May 4, 2020, to notify the Court that it will not be filing a response.

---

[2] The Eleventh Circuit disagreed with a conclusion that the Ninth Circuit reached on a different issue in *Van Patten*. *See Salcedo v. Hanna*, 936 F.3d 1162, 1168-72 (11th Cir. 2019). But, like the Ninth Circuit, the Eleventh Circuit has recognized that prior express consent is an affirmative defense to a TCPA claim. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1304-05 (11th Cir. 2015) (recognizing that prior express consent is "an affirmative defense to a claim under the TCPA").

4

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 24th day of April 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Counsel of Record

Andrew Thompson