UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60108-RUIZ/STRAUSS

**ANDREW THOMPSON,**

 Plaintiff,
v.

**BRANCH BANKING & TRUST COMPANY,**

 Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law ("Motion") [DE 124]. The Motion is before me in accordance with the Order of Referral to Magistrate Judge [DE 88], which referred this case for rulings on all pre-trial, non-dispositive matters and for the issuance of a Report and Recommendation on dispositive matters. I have reviewed the Motion, the responses and reply thereto [DE 129, 134, 140], and the record in this case. For the reasons discussed herein, I **recommend** that the Motion [DE 124] be **GRANTED IN PART and DENIED IN PART**, with Defendant being awarded **$38,620.80** in attorneys' fee but no costs.

## BACKGROUND

In this action, Plaintiff brought claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* On May 1, 2020, I issued a Report and Recommendation ("May 1, 2020 R&R") [DE 116] recommending that summary judgment be entered in favor of Defendant on Plaintiff's claims and recommending that the District Court find Defendant is entitled to reasonable attorneys' fees and costs incurred in connection with the FCCPA claim.

Neither party timely objected to the May 1, 2020 R&R.  Consequently, on May 25, 2020, the District Court entered an Order Adopting Report and Recommendation [DE 117] and a separate Final Judgment [DE 118] in favor of Defendant.

Only after Final Judgment was entered did Plaintiff take issue with the Court's summary judgment rulings.  On June 22, 2020, he filed Plaintiff's Verified Motion for Rehearing of the Court's May 25, 2020 Final Order Granting Defendant's Motion for Summary Judgment ("Initial Rehearing Motion") [DE 119], and, on June 25, 2020, he filed Plaintiff's Amended Verified Motion for Rehearing of the Court's May 25, 2020 Final Order Granting Defendant's Motion for Summary Judgment ("Amended Rehearing Motion") [DE 120].  While Plaintiff's Initial Rehearing Motion was timely under Rule 59, his Amended Rehearing Motion was not and, therefore, the new arguments raised therein were subject to review under Rule 60(b) – though they failed even under Rule 59 [*see* DE 121 at p. 2 n.3].  Plaintiff's Initial Rehearing Motion only raised issues regarding the Court's adjudication of Plaintiff's TCPA claims.  It was only in the Amended Rehearing Motion that Plaintiff argued against the Court's fee entitlement determination (on the FCCPA claim) for the first time; however, such arguments were premised, at least in part, upon Plaintiff's claimed inability to pay any fee award.

On June 29, 2020, I issued a Report and Recommendation ("June 29, 2020 R&R") [DE 121] recommending that the Initial Rehearing Motion and Amended Rehearing Motion be denied.  In discussing the FCCPA fee issue, I reiterated that Defendant was entitled to reasonable attorneys' fees incurred in connection with the FCCPA claim and rejected Plaintiff's arguments to the contrary, arguments which he failed to previously raise.  In fact, Plaintiff had not even responded to the merits of Defendant's FCCPA arguments in his summary judgment briefing.  In addressing Plaintiff's ability-to-pay argument, I found that the Court cannot consider ability to pay when

2

determining entitlement to fees under § 559.77(2) of the Florida Statutes. Nevertheless, I noted that even if ability to pay could factor in, it would only become relevant when a motion for attorneys' fees is ultimately filed.

On July 13, 2020, Plaintiff filed objections [DE 122] to the June 29, 2020 R&R. On July 17, 2020, after conducting a *de novo* review of the issues, the District Court entered an Order Adopting Report and Recommendation [DE 123] ("July 17, 2020 Order"), affirming and adopting the June 29, 2020 R&R, and denying the Initial Rehearing Motion and Amended Rehearing Motion. The Court's Final Judgment [DE 118] and the July 17, 2020 Order [DE 123] are presently on appeal [*see* DE 130].

## ANALYSIS

Defendant seeks an award of attorneys' fees in the amount of $38,620.80[1] and costs in the amount of $983.50. The attorneys' fees sum is comprised of 13.8 hours at a $360 hourly rate ($4,968) for attorney David Hendrix and 160.4 hours at a $270 hourly rate ($43,308) for attorney Alexandra de Alejo, with Defendant then voluntarily applying a 20% across-the-board reduction. Although Ms. de Alejo states she has exercised billing judgment and removed hours when appropriate, including hours solely related to the TCPA claims in this case,[2] Defendant proposes the 20% across-the-board reduction to account for any potential time related to only the TCPA claims that Defendant may not have excluded. However, Defendant argues that no further reductions are warranted because the facts and issues concerning the TCPA and FCCPA claims were largely intertwined.

---

[1] The Motion seeks a fee award of $39,775. However, Defendant has excluded additional hours in its Reply.

[2] It is undisputed that Defendant is not entitled to an award of attorneys' fees on the TCPA claims.

Plaintiff contests both Defendant's entitlement to attorneys' fees and costs and the reasonableness of the hours and hourly rates sought. He also argues that the Court should consider his inability to pay any fee award in ruling upon the Motion. Plaintiff's primary argument, however, is that the majority of fees sought should not be awarded because most of the hours expended in this case related to the TCPA claims, not the FCCPA claim. He also argues that certain hours sought are unreasonable because Defendant's billing records contain various vague entries and certain entries reflecting clerical and administrative tasks.

## I. ENTITLEMENT

Defendant is entitled to an award of reasonable attorneys' fees and costs in connection with the FCCPA claim for the reasons explained in the May 1, 2020 R&R and June 29, 2020 R&R. Entitlement has already been determined, and this Court can no longer alter that determination, which is part of the judgment and order on appeal. In other words, Defendant's entitlement is the law of the case. *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009) ("Under the law of the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. . . . [A] court's previous rulings may [only] be reconsidered [if] the case remains within the jurisdiction of the district court. . . . [L]aw of the case applies only where there has been a final judgment." (internal quotation marks and citations omitted)); *Sanchez v. M&F, LLC*, No. 6:17-CV-1752-ORL-22LRH, 2020 WL 6106094, at *4 (M.D. Fla. June 17, 2020), *report and recommendation adopted*, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020) ("Judge Conway's order is the law of the case; therefore, the question of entitlement to fees has been conclusively determined in Ms. Sanchez's favor, and the only remaining issue is the amount to be awarded.").

## II.     REASONABLE ATTORNEYS' FEES

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).[3]

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment,

---

[3] Plaintiff argues that Defendant failed to address the factors from *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 716 (5th Cir. 1974) in the Motion. Not so. Notably, "the *Johnson* factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019).

courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

### A. Reasonable Hourly Rate

Defendant requests that this Court find $360 to be a reasonable hourly rate for attorney David Hendrix and $270 to be a reasonable hourly rate for attorney Alexandra de Alejo. Both attorneys are shareholders at the law firm of Gray Robinson, P.A. Ms. de Alejo has submitted a declaration [DE 124-1] setting forth her experience and qualifications. Her declaration also authenticates and attaches a copy of Mr. Hendrix's biography [DE 124-2]. In addition to providing evidence regarding their backgrounds, Defendant cites a plethora of case law in which judges in this district have approved hourly rates of $300 to $375 in similar cases [*see* DE 124 at pp. 10-11].

As the party seeking an award of fees, Defendant has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of

6

reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

It is clear from the Motion, Ms. De Alejo's declaration, and the attachments thereto that Defendant has met its burden of providing sufficient evidence for the Court to determine the reasonable hourly rates of Defendant's counsel. Mr. Hendrix was admitted to the Florida Bar in 1989. He founded and chairs his firm's Banking and Finance Practice Group. He has significant litigation and trial experience and is admitted to practice before this Court, the United States Court of Appeals for the Eleventh Circuit, and the United States District Court for the Middle District of Florida. Mr. Hendrix also received several awards and recognitions during his career. His requested $360 hourly rate is a reduced rate. Mr. Hendrix's customary hourly rate is $475. Based on my own knowledge regarding reasonable hourly rates in this community and my consideration of applicable law, and given Mr. Hendrix's experience and qualifications, I find his requested rate of $360 per hour to be more than reasonable. Candidly, his $360 hourly rate is lower than what is typically charged by an attorney with over thirty years of experience and qualifications similar to that of Mr. Hendrix.[4]

I also find Ms. de Alejo's requested hourly rate of $270 to be more than reasonable, based on my own knowledge of reasonable hourly rates in this community, my consideration of applicable law, and her experience and qualifications. Ms. de Alejo was admitted to the Florida Bar in 2007 and the District of Columbia Bar in 2008, and she is admitted to practice before the

---

[4] Plaintiff complains that he has never communicated with Mr. Hendrix and that he has only communicated with Ms. de Alejo. However, that fact does not contradict Mr. Hendrix's involvement in the case and has no bearing on the reasonableness of Mr. Hendrix's fees.

Eleventh Circuit and all three federal district courts in this state. Ms. de Alejo has been an attorney at her firm for over twelve years including the last four years as a shareholder. She presently serves as the co-chair of her firm's Associate Training and Development Program. Ms. de Alejo also has substantial litigation experience and dedicates a large portion of her practice to defending banks and financial institutions in similar cases. As with Mr. Hendrix, Ms. de Alejo's customary hourly rate has also been reduced in this matter (her customary rate ranges from $285 to $400), and her requested hourly rate of $270 is also lower than that typically charged by an attorney with similar experience and qualifications.[5]

### B. Hours Reasonably Expended

I have carefully reviewed the time records of Defendant's attorneys and all other relevant materials. I am also well aware of the work that has been conducted in this case, having previously submitted a report and recommendation on the parties' summary judgment motions following a hearing and having ruled on other matters.

As noted above, Defendant seeks an award of attorneys' fees for 13.8 hours of time expended by Mr. Hendrix and 160.4 hours of time expended by Ms. de Alejo, with such an award being further reduced by 20%. Applying such a reduction reduces Mr. Hendrix's time to 11.04 hours and Ms. de Alejo's time to 128.32 hours. Notably, before even arriving at the initial figures of 13.8 hours and 160.4 hours, Defendant voluntarily eliminated a large number of hours from its requested fee award. Specifically, it excluded 69.9 hours of time that were incurred in connection with Plaintiff's TCPA claims alone, 16.6 hours for tasks that it considered to be potentially

---

[5] Plaintiff argues that the Motion does not indicate whether the hourly rates sought for Mr. Hendrix and Ms. de Alejo are their customary hourly rates. However, Ms. de Alejo's declaration explicitly sets forth their customary rates and notes that they have reduced their standard rates in this case [DE 124-1 ¶ 10].

duplicative or of an administrative or clerical nature, and several hours related to preparing the Motion [*see* DE 124 at p. 13]. It also eliminated an additional 6.3 hours as noted in the Reply [DE 140 at p. 2 n.1].

Notwithstanding these reductions, Plaintiff still maintains that Defendant has failed to show the hours sought pertain to the FCCPA claim. On the other hand, Defendant argues that it is entitled to recover fees for all remaining hours because the work performed does not relate to only the TCPA claims as the issues are intertwined.

Where "a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims to determine the scope of the fee award." *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216221, at *5 (S.D. Fla. Feb. 8, 2019), *report and recommendation adopted*, 2019 WL 1213252 (S.D. Fla. Mar. 7, 2019) (quoting *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011)) (internal quotation marks omitted). "If the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought* [*or were authorized*]." *Id.* (quoting *Durden*, 763 F. Supp. 2d at 1306) (internal quotation marks omitted) (alteration in original). *See also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 n.3 (11th Cir. 2017) ("The question of whether claims are inextricably intertwined usually arises when a court seeks to apportion fees among unsuccessful and successful claims. If the court finds that the unsuccessful claims were based on different facts and legal theories from the successful claims, 'the court cannot award any fee for services on the unsuccessful claims.' If the successful and unsuccessful claims are intertwined and share a 'common core' of facts or a related legal

theory, then a reasonable fee is allowed as to all hours expended on both sets of claims." (internal citations omitted)).

If "a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Id.* (quoting *Durden*, 763 F. Supp. 2d at 1306). *See also Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So. 2d 920, 922 (Fla. 3d DCA 1988) ("[T]he award of attorney's fees should not be reduced in the absence of a showing that the defendant's attorneys spent a separate and distinct amount of time in defending a count upon which no attorney's fees were awardable." (citation omitted)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Filippova*, 2019 WL 1216221, at *5 (quoting *Durden*, 763 F. Supp. 2d at 1306). "When the facts and claims are closely related, courts are not required to parse counsel's time." *Id.* (citation omitted).

Here, the TCPA and FCCPA claims arose out of the same common core of facts and, thus, were inextricably intertwined. The facts and issues related to both claims concerned the same phone calls, the number(s) to which the calls were made, certain other details related to the calls, the identity of the consumer and/or debtor, and consent, among other related facts and/or issues. Defendant's counsel would have had to incur the substantial majority of the time it incurred even if no TCPA claims were brought in this case. There are some distinct hours that relate to only the TCPA claims, but not many. For instance, any discovery related to whether Defendant made the calls at issue using an automatic telephone dialing system ("ATDS") would only relate to the TCPA claims. However, while the parties conducted a large amount of discovery, only a very small portion of the discovery concerned the ATDS issue. Even if the Court were to exclude an

hour or so as a result, such a reduction would pale in comparison to the voluntary 20% reduction already proposed by Defendant (that is, a 20% reduction on top of other reductions Defendant has already made).

Beyond the ATDS issue, other hours that should be excluded as hours incurred solely in connection with the TCPA claims are hours that were expended for research and briefing regarding the TCPA claims alone. For instance, that would include Defendant's briefing on Plaintiff's summary judgment motion, which only sought summary judgment on the TCPA claims (as opposed to Defendant's summary judgment motion, which sought summary judgment on all claims). However, Defendant has already appropriately excluded the hours its counsel incurred in connection with Plaintiff's summary judgment motion [*see* DE 124 at p. 13; DE 124-4 at pp. 4-5].

Nevertheless, Defendant does not appear to have excluded time incurred in connection with drafting its own summary judgment motion, which was prepared before it had to respond to Plaintiff's summary judgment motion. Defendant (as a party seeking an award of fees) should have indicated in its billing entries the hours incurred in connection with preparing separate portions of its summary judgment motion. Specifically, the time incurred in connection with drafting Part III.B of Defendant's motion (regarding the TCPA claims) should have been deducted [*see* DE 64 at pp. 3-12]. However, based on the relevant billing entries on October 2019 and November 2019, any such reduction would have been less than ten hours (considering the total amount of time spent preparing the motion). There are also some other smaller increments of time in other entries that should have been excluded (such as 1-2 hours for preparing the TCPA portion of the motion to dismiss [DE 13 at pp. 4-6]). But collectively, all of the TCPA-related time that should have been excluded, but was not, remains well below the 20% reduction to which

11

Defendant has consented (a reduction that removes over 32 hours for Ms. de Alejo and over 2.7 hours for Mr. Hendrix).

While Plaintiff's primary argument regarding permissible hours relates to the TCPA versus FCCPA issue, he also argues that the Court should exclude time for vague entries and for administrative or clerical work. However, Plaintiff fails to identify which entries should be excluded on account of these issues (the exhibits to his supplemental response pertain to the TCPA versus FCCPA issue). He failed to point out such entries notwithstanding the fact that I provided him with an extra opportunity to do so, because of his status as a *pro se* party, after he failed to do so in the first instance [*see* DE 131]. As I noted in the August 18, 2020 Order [DE 131], although a party seeking an award of attorneys' fees has certain burdens it must discharge, "[t]hose opposing fee applications have obligations, too. . . . '[O]bjections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428 (citation omitted). Consequently, I directed Plaintiff to file a supplemental response to give him an additional opportunity to satisfy his obligations,[6] which he did not do in the supplemental response he filed [DE 134] with respect to his arguments concerning vague and clerical or administrative entries.

Additionally, Plaintiff argues that this case was overstaffed because Defendant had three attorneys working on the matter. But Defendant does not seek to recover any time for one of the attorneys, and the time it seeks to recover for Mr. Hendrix is minimal (11.04 hours after the 20% reduction). The substantial amount of the hours sought are for the work of a single timekeeper, Ms. de Alejo. In any event, the mere fact that there were multiple timekeepers does not merit a

---

[6] I gave Plaintiff such an opportunity notwithstanding his refusal to confer with opposing counsel regarding the Motion as required under Local Rule 7.3 [*see* DE 124 at p. 15].

reduction unless they performed duplicative or excessive work. *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1282 (S.D. Fla. 2019). Notwithstanding Plaintiff's failure to identify any vague, duplicative, clerical, or excessive hours in a specific and reasonably precise manner, I carefully reviewed Defendant's counsel's time records for any such issues. When I compared the time entries I found to be objectionable to the list of time entries Defendant already excluded [DE 124-4], almost all of the entries I identified were already on the exclusion list. The remaining time I found to be objectionable was well under ten hours. When combined with the additional time that should have been excluded on account of the TCPA claims, the total is in the 15% range. Thus, had Defendant not proposed a 20% reduction, I would have recommended a reduction of 15%. Therefore, Defendant's proposed reduction of 20% is surely reasonable and should be accepted.

### C. Lodestar

As indicated above, once the 20% reduction is applied, Mr. Hendrix's 13.8 hours are reduced to 11.04 hours, and Ms. de Alejo's 160.4 hours are reduced to 128.32 hours. Consequently, the lodestar figure for this matter is $38,620.80. This includes $3,974.40 for Mr. Hendrix (11.04 hours * $360) and $34,646.40 for Ms. de Alejo (128.32 hours * $270). I find the lodestar amount of $38,620.80 to be reasonable.

### D. Ability to Pay

I recommend that no reductions be made to the above-referenced reasonable lodestar figure. Plaintiff seeks a reduction on account of his alleged inability to pay the requested fee award. As noted above, I found (in the June 29, 2020 R&R) that ability to pay does not factor into entitlement to a fee award under the FCCPA.[7] However, I did not decide whether ability to pay

---

[7] Specifically, I stated as follows in the June 29, 2020 R&R:

can be considered in determining the amount of fees to be awarded to a defendant under the FCCPA. That is because the ability-to-pay issue was not yet ripe (in the context of determining, and awarding, reasonable attorneys' fees). It has only now become ripe in light of the filing of the instant Motion (and because Plaintiff has now re-raised the ability-to-pay issue in his opposition to the Motion).

The Eleventh Circuit does not appear to have decided whether courts may or should consider ability to pay in awarding attorneys' fees to a defendant under the FCCPA or FDCPA. It has, however, determined that ability to pay should be considered as a limiting factor in certain limited contexts, such as when fees are being awarded to a prevailing Title VII defendant. *See Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982). *See also Buczek v. Trans Union LLC*, No. 05-80834-CIV, 2007 WL 9706920, at *6 (S.D. Fla. June 25, 2007), *report and recommendation adopted*, 2007 WL 9706921 (S.D. Fla. July 13, 2007); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1336 (M.D. Fla. 2002). Nevertheless, even when

---

Finally, Plaintiff implores this Court to reconsider entitlement to attorneys' fees based on his alleged inability to pay any fee award. The undersigned's recommendation regarding entitlement to fees was based on § 559.77(2), Fla. Stat., a fee-shifting statute providing that a "plaintiff *is liable* for court costs and reasonable attorney's fees incurred by the defendant" when "the court finds that the suit fails to raise a justiciable issue of law or fact." § 559.77(2) (emphasis added). Therefore, this Court cannot consider ability to pay in finding entitlement under § 559.77(2). *See Alston v. Orion Portfolio Servs., LLC*, No. CV PJM 16-3697, 2020 WL 758567, at *4 (D. Md. Feb. 14, 2020) ("Plaintiff claims that he is unable to pay the attorneys' fees and costs because of his precarious financial situation. But ability to pay is not a factor under 15 U.S.C. § 1692k(a)(3), which is a fee shifting statute."); *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937, at *4 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020) ("While the FDCPA informs, in part, the consideration of the FCCPA, the latter 'provides a broader standard for recovery of attorney's fees than the FDCPA.'" (quoting *DeBoskey v. SunTrust Mortg., Inc.*, 2018 WL 6168125, at *2 (M.D. Fla. Nov. 26, 2018))).

[DE 121 at pp. 9-10].

14

inability to pay is considered, it is not a controlling factor, *Buczek*, 2007 WL 9706920, at \*6 (citing *Scelta*, 203 F. Supp. 2d at 1336), and it cannot serve as a basis to deny an award of attorneys' fees in its entirety. *Durrett*, 678 F. 2d at 917. Also, the "party seeking to limit an award of attorney's fees has the burden to establish his or her financial status." *Buczek*, 2007 WL 9706920, at \*6 (citing *Scelta*, 203 F. Supp. 2d at 1336-37).

Here, it is not necessary to decide whether ability to pay can serve as a basis to reduce a fee award under the FCCPA. As an initial matter, Plaintiff has failed to satisfy his burden of establishing his financial status. He has not provided any evidence or any specific details regarding his financial resources in connection with his response or supplemental response. While he previously filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [DE 3], which was granted [DE 7], the Application was filed nearly two years ago. *Cf. Durrett*, 678 F. 2d at 917 ("[W]e note that, particularly at this remove from the filing of Durrett's application to proceed in forma pauperis, that application alone will not suffice to establish a limitation on Durrett's ability to pay . . . [the court must] look beyond the plaintiff's application to proceed in forma pauperis to determine his financial condition.").

Moreover, even if the Court has discretion to reduce the lodestar amount in this case based on Plaintiff's alleged inability to pay, such a reduction is not warranted for at least a few reasons. First, Defendant's attorneys' hourly rates have already been reduced to a number below their customary hourly rates. Second, Defendant has already voluntarily offered up a 20% reduction that has been applied – a reduction greater than the 15% reduction I would have otherwise recommended. Third, Defendant's counsel obtained an excellent result in this case. Finally, Plaintiff's FCCPA claim was not merely frivolous in one respect. It was frivolous as to each

applicable element (as discussed in detail in the May 1, 2020 R&R). Thus, the lodestar should not be reduced.

## III. COSTS

Defendant's request for an award of costs should be denied as untimely. The costs sought by Defendant, in the amount of $983.50, relate to Plaintiff's deposition. Specifically, this sum includes the $856 cost of Plaintiff's deposition transcript, the $120 court reporter appearance fee, and a $7.50 surcharge fee for extended pages. These costs are taxable under 28 U.S.C. § 1920, and Defendant has made sure to exclude non-taxable costs related to Plaintiff's deposition from the amount it seeks to recover [*see* DE 124-1 ¶ 20 n.5]. However, Defendant filed the Motion 60 days after the entry of judgment. While Local Rule 7.3(a) provides for the filing of a motion for attorneys' fees and non-taxable costs within 60 days after the entry of judgment, Local Rule 7.3(c) requires a party seeking taxable costs to file a bill of costs within 30 days after the entry of judgment.[8] As Defendant did not file a timely bill of costs, I recommend that its request for an award of costs be denied as untimely.

## CONCLUSION

For the reasons discussed above, I **recommend** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** the Motion [DE 124], awarding Defendant its requested attorneys' fees in the amount of **$38,620.80**, and denying Defendant's request for an award of costs as untimely.

**The Clerk is DIRECTED to mail a copy of this Report and Recommendation to Plaintiff, Andrew Thompson, at 2798 NW 20th Street, Fort Lauderdale, FL 33311.**

---

[8] Defendant recognizes in its Reply [DE 140] that the costs sought are taxable costs under § 1920 [*see* DE 140 at p. 19].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 10th day of November 2020.

Jared M. Strauss
United States Magistrate Judge